UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

HAYLEY GRAHAM,

    Plaintiff,

v.

UNIVERSITY OF MIAMI,
a Florida Not For Profit Corporation,

    Defendant.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**
**INJUNCTIVE RELIEF REQUESTED**
**DECLARATORY RELIEF REQUESTED**

Plaintiff, HAYLEY GRAHAM ("Ms. Graham" or "Plaintiff"), by and through her undersigned counsel, files this Complaint against Defendant, UNIVERSITY OF MIAMI ("UM" or "Defendant"), a Florida not for profit corporation, and alleges as follows:

1. Plaintiff brings this action for interference and retaliation in violation of the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, *et seq.* ("the FMLA"), and for discrimination under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"), and Chapter 760 of the Florida Civil Rights Act ("FCRA"), to recover from Defendant back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, front pay, declaratory relief, injunctive relief, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

**PARTIES, JURISDICTION, AND VENUE**

2. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FMLA, and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201, *et seq*.

3. This Court has jurisdiction over Plaintiff's ADA claims pursuant to 28 U.S.C. § 1331, as they arise under 42 U.S.C. § 12101, *et seq*.

4. This Court also has supplemental jurisdiction over Plaintiff's FCRA claims, as they arise out of the same operative facts and circumstances as her FMLA/ADA claims.

5. At all times relevant hereto, Plaintiff was an employee of Defendant.

6. Defendant is a Florida not for profit corporation that maintains a location and does business in Coral Gables, Miami-Dade County, Florida, and is therefore within the jurisdiction of this Court.

7. Plaintiff worked for Defendant in Miami-Dade County, Florida, and therefore the proper venue for this case is the Miami Division of the Southern District of Florida.

8. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce which employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

9. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that she: (a) suffered from a serious health condition as defined by the FMLA, necessitating Plaintiff to take FMLA leave; and (b) was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

10. Plaintiff is a disabled female. At all times material, Plaintiff was protected during her employment with Defendant by the FCRA and ADA because:

    a. Plaintiff was a disabled or "perceived as disabled" employee who suffered discrimination and harassment because of her disability or "perceived disability" by Defendant; and

    b. Plaintiff was discriminated against and suffered adverse employment action and was subjected to an increasingly hostile work environment and termination as a result of her disability or "perceived disability."

11. Defendant was at all times relevant an "employer" as envisioned by the ADA as well as $ 760.02(7), Fla. Stat.

## CONDITIONS PRECEDENT

12. On or around May 24, 2024, Plaintiff timely dual-filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR") alleging disability discrimination against UM.

13. More than 180 days have passed since the filing of the Charge of Discrimination.

14. On or about September 27, 2024, the EEOC mailed Plaintiff a Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on her claims within 90 days of her receipt of the same.

15. Plaintiff timely files this action within the applicable period of limitations against Defendant.

16. All conditions precedent to this action have been satisfied and/or waived.

## FACTUAL ALLEGATIONS

17. Plaintiff worked for UM, most recently as a Patient Access Representative in UM's University of Miami Health System, from March 7, 2022, until her termination on July 31, 2023.

18. In the Spring of 2023, Ms. Graham suffered flareups of an ongoing disability and serious health condition, specifically endometriosis and related symptoms such as excessive menstrual pain and bleeding, fatigue, etc.

19. Ms. Graham therefore applied and was approved for intermittent FMLA leave in order to treat and address flareups of her disability and serious health condition.

20. On July 13, 2023, just after arriving at work at UM and clocking in, Ms. Graham suffered a flareup of her disability and serious health condition.

21. In severe pain and a mild state of panic, Ms. Graham let her co-worker know that she would return shortly, and then for the next twenty (20) minutes or so, she dashed to her vehicle to retrieve something to help with her flareup and used a nearby restroom to administer aid to herself.

22. In response to this, UM castigated Ms. Graham for allegedly "stealing time" and upbraided her for advising her co-worker of the flareup, but not a UM Supervisor.

23. Ms. Graham had done the best she could under the circumstances of an unfolding and exigent episode of her endometriosis.

24. On July 31, 2023, UM informed Ms. Graham that it had decided to terminate her employment, effective immediately.

25. UM couched its termination in terms of a forced resignation and exercised duress against Ms. Graham to force her to sign a so-called "resignation."

26. However, Ms. Graham had no desire to "resign," and was terminated by UM.

27. Defendant's adverse employment actions were taken to interfere with, and in retaliation for, Ms. Graham notifying UM of her serious health condition, and in retaliation for Ms. Graham's utilization or attempted utilization of unpaid leave pursuant to the FMLA in order to address same.

28. Defendant did not have a legitimate, non-discriminatory and non-retaliatory reason for its actions.

29. Any reason provided by Defendant for its actions is a pretext, designed to cover up FMLA interference and retaliation.

30. Defendant's conduct constitutes intentional interference and retaliation under the FMLA.

31. The timing of Plaintiff's use or attempted use of what should have been protected FMLA leave, her disclosure of her disability and serious health condition and the fact that she was taking medication to treat and address same, and Defendant's termination of her employment, alone demonstrates a causal and temporal connection between her protected activity and the illegal actions taken against her by UM.

32. Defendant purposefully and intentionally interfered with and retaliated against Plaintiff for her utilization and/or attempted utilization of what should have been protected FMLA leave.

33. Plaintiff's termination was for pretextual, retaliatory, and discriminatory reasons.

34. Such a discriminatory and unlawful discharge is exactly the type of adverse employment action that the ADA, the FCRA, and the FMLA were intended to prevent.

35. The timing of Plaintiff's termination makes the causal connection between her use or attempted use of FMLA leave and her termination sufficiently clear.

36. As a result of the foregoing, Defendant interfered with Plaintiff's FMLA rights.

37. The facts surrounding Plaintiff's termination also create a strong inference of disability discrimination in violation of the ADA/FCRA.

38. UM was aware of Plaintiff's ADA/FCRA-protected disability.

39. Ms. Graham is an individual with a disability who was nevertheless fully capable of performing the essential functions of her job.

40. UM, however, being well aware of Plaintiff's condition, discriminated against Plaintiff for taking time off work to seek treatment, and/or attempting to do so, for disclosing her disability, and for requiring or potentially requiring reasonable accommodation for the disability.

41. In reality, Defendant's discharge of Ms. Graham stemmed from its discriminatory animus toward her disclosure of her disability and chronic, serious health condition.

42. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADA and the FCRA.

43. In short, Defendant discriminated against Ms. Graham based solely upon her disability.

44. At all times material hereto, Plaintiff was ready, willing, and able to perform her job duties, and otherwise qualified for her position.

45. Pleading in the alternative, Defendant perceived Plaintiff as being "disabled," and therefore unable to perform the essential functions of her position, despite the fact that Plaintiff could perform same with or without reasonable accommodation.

46. Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity but was treated by Defendant as if it did.

47. Pleading in the alternative, Plaintiff's medical condition constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

48. Pleading in the alternative, Plaintiff had no impairment whatsoever, but was treated by Defendant as having a disability as recognized by the ADA/FCRA.

49. Ms. Graham was a disabled individual, or otherwise perceived as disabled by Defendant, during her employment. Therefore, she is a protected class member as envisioned by the ADA and the FCRA.

50. Ms. Graham suffered sufficiently severe and pervasive treatment, and ultimately termination, because of her disability and/or "perceived disability".

51. As a result of Defendant's unlawful and discriminatory termination of her employment, Plaintiff has suffered severe emotional distress, including but not limited to sleeplessness, crippling anxiety, loss of consortium, and family discord.

52. As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

53. UM lacked a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

54. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I- UNLAWFUL INTERFERENCE UNDER THE FMLA

55. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 2, 4 through 9, 15 through 36, 41, and 52 through 54 of the Complaint, above, as though fully set forth in this Count.

56. At all times relevant hereto, Plaintiff was protected by the FMLA.

57. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

58. At all times relevant hereto, Defendant interfered with Plaintiff by unreasonably and unlawfully criticizing Plaintiff for suffering a flareup of her serious health condition, by making negative, critical, and discouraging remarks targeted at Plaintiff's utilization or attempted utilization of FMLA leave to treat and address her serious health condition, by terminating Plaintiff's employment for suffering, disclosing, and utilizing or attempting to utilize FMLA leave to treat and address her serious health condition, and by refusing to allow Plaintiff to exercise her FMLA rights freely.

59. As a result of Defendant's willful and unlawful acts via interfering with Plaintiff for exercising or attempting to exercise her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

60. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff requests that this Court enter an Order awarding her back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II- UNLAWFUL RETALIATION UNDER THE FMLA

61. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 2, 4 through 9, 15 through 36, 41, and 52 through 54 of the Complaint, above, as though fully set forth in this Count.

62. At all times relevant hereto, Plaintiff was protected by the FMLA.

63. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

64. At all times relevant hereto, Defendant retaliated against Plaintiff by terminating her employment for disclosing to Defendant her serious health condition, and for utilizing or attempting to utilize FMLA leave in order to treat and address her serious health condition.

65. Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised or attempted to exercise her rights to take approved leave pursuant to the FMLA.

66. As a result of Defendant's intentional, willful, and unlawful acts by retaliating against Plaintiff for exercising or attempting to exercise her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

67. As a result of Defendant's willful violations of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff requests that this Court enter an Order awarding her back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT III
## DISCRIMINATION UNDER THE ADA BASED ON DISABILITY

68. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 3 through 7, 10 through 26, 28, 31, 33 through 34, 37 through 52, and 54 of the Complaint, above, as though fully set forth in this Count.

69. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADA.

70. The discrimination to which Plaintiff was subjected was based on her disability and/or "perceived disability."

71. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

72. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

73. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

74. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

75. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional

distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT IV
## DISCRIMINATION UNDER THE FLORIDA CIVIL RIGHTS ACT BASED ON DISABILITY

76. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 3 through 7, 10 through 26, 28, 31, 33 through 34, 37 through 52, and 54 of the Complaint, above, as though fully set forth in this Count.

77. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the FCRA, Chapter 760, Florida Statutes.

78. The discrimination to which Plaintiff was subjected was based on her disability, or "perceived disability."

79. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

80. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

81. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to section 760.11(5), Florida Statutes.

82. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

DATED this 25th day of November, 2024.

>Respectfully Submitted,
>
>*/s/ Noah E. Storch*
>Noah E. Storch, Esq.
>Florida Bar No. 0085476
>RICHARD CELLER LEGAL, P.A.
>7951 SW 6th St., Suite 316
>Plantation, Florida 33324
>Telephone: (866) 344-9243
>Facsimile: (954) 337-2771
>E-mail: **noah@floridaovertimelawyer.com**
>
>*Attorneys for Plaintiff*